IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In Re:                                              :
                                                    :    Case No: 08-21193
Gerald A. Bender, Sr.                               :
Patricia A. Bender                                  :
                                                    :    CHAPTER 13
                        Debtors                    :

**DEBTOR'S OBJECTION TO UNAUTHORIZED PROOFS OF CLAIM
FILED BY PHELAN HALLINAN & SGHMIEG, LLP**

Debtor Gerald A. Bender, Sr., by his undersigned attorneys, hereby objects to all Proofs of Claim executed and filed in the above matter by lawyers affiliated with the law firm of Phelan Hallanin & Schmieg, LLP ("Phelan firm"). In support of his objection, Debtors avers as follows:

1.   Faced with an imminent sheriff's sale of his home as a result of a foreclosure lawsuit filed against him by the Phelan firm, the Debtor filed a Chapter 13 Petition on June 4, 2008. Patricia A. Bender, the Debtor's now deceased wife, also filed the Petition.

2.   On July 3, 2008, Jay B. Jones ("Jones") of the Phelan firm executed and filed a Proof of Claim against the Debtor, purportedly of behalf of the holder of the Debtor's mortgage. The "Name of the Creditor" identified on that Proof of Claim was "Wachovia Bank, N.A., Trustee for the Pooling and Servicing Agreement dated as of November 1, 2004, Asset-Backed Pass-Through Certificate Series 2004-WWF1." ("Series 2004-WWF1 PSA"). (*See* Claim No. 6-1). Jones executed this Proof of Claim knowing that that the penalty under 11 U.S.C. §§ 152 and 3571 for presenting fraudulent claims is a fine of up to $500,000 or imprisonment for up to five years, or both.

3. As demonstrated below, when this Proof of Claim was filed and throughout the entire duration of this bankruptcy proceeding, the Phelan firm had no authority to represent – and in fact never represented -- Wachovia Bank, N.A. ("Wachovia"). Nor did Wachovia itself have any legal standing or claim to assert against the Debtor in this proceeding.

4. On February 25, 2009, the Debtor objected to Jones' Proof of Claim, *inter alia*, on the ground that the amount charged to the Debtor for a sheriffs' deposit was "not actually incurred or was overstated." (*See* Docket No. 45 at ¶ 3 viii.).

5. On March 16, 2009, Jones filed a document entitled "RESPONSE OF WACHOVIA BANK, N.A. AS TRUSTEE POOLING AND SERVICING AGREEMENT DATED AS OF NOVEMBER [sic] TO DEBTOR'S OBJECTION TO PROOF OF CLAIM." (*See* Docket No. 47). There, Jones represented to the Court that the Debtor's objection was "disingenuous" and "clearly a sign of the Debtors' counsel's disregard for this Court's time and the time of Counsel for Respondent." (*Id.* at ¶ 3).

6. On March 25, 2009, after months of legal and factual investigation, the Debtor and other homeowners filed a proposed class action in the United States District Court for the Eastern District of Pennsylvania, challenging the legality of the Phelan firm's institutionalized practice of retaining sheriffs' deposits rather than properly crediting them to the accounts of debtors. *See Rhodes v. Diamond*, No. 5:09-cv-01302-CDJ (E.D.Pa.) (*"Rhodes v. Diamond"*).

7. On April 10, 2009, Andrew L. Spivack ("Spivack") of the Phelan firm executed and filed an Amended Proof of Claim against the Debtor, purportedly on behalf of "Wachovia Bank, N.A., Trustee Pooling and Servicing Agreement dated as of

2

November 1, 2004, Asset." (*See* Claim No. 6-2). Like Jones before him, Spivack filed his Amended Proof of Claim knowing that that the penalty under 11 U.S.C. §§ 152 and 3571 for presenting fraudulent claims is a fine of up to $500,000 or imprisonment for up to five years, or both. Like Jones before him, Wachovia did not authorize Spivack to file a proof of claim on its behalf in a matter in which Wachovia had no legal standing or interest.

8.  While Spivack's Amended Proof of Claim was unauthorized, untimely and improper, it did withdraw Jones' overstated claim for a sheriffs' deposit charged to the Debtor. Spivack undertook this action <u>only</u> because of the allegations documented in *Rhodes v. Diamond* and despite his contradiction of Jones' false representation to this Court that the Debtor's objection was "disingenuous" and "clearly a sign of the Debtors' counsel's disregard for this Court's time and the time of Counsel for Respondent." (*See* Docket No. 47 at ¶ 3).

9.  On June 26, 2009, three business days before the objection hearing, Jonathan J. Bart ("Bart") of the law firm of Wilentz, Goldman & Spitzer, P.A. (the "Wilentz firm"), litigation counsel for the Phelan firm in *Rhodes v. Diamond*, entered a formal appearance and demand for service on behalf of "Wachovia Bank, N.A." (*See* Docket No. 55). As in the case of Jones, Spivack and the Phelan firm, neither Bart nor the Wilentz firm had any authority to represent Wachovia Bank or to argue "Wachovia's" position in legal memoranda and at a hearing before this Court on June 30, 2009.

10. In October 2007 (eight months <u>before</u> the Debtor filed his Chapter 13 Petition and twenty months <u>before</u> Spivack and Bart appeared on "behalf" of Wachovia at the June 30, 2009 hearing), the Phelan firm also used the name of Wachovia as

3

"trustee" of the Series 2004-WWF1 PSA in its effort to take away the property of a homeowner in New Jersey. At that time, the Phelan firm was unambiguously told by Mark A. Farmer, Wachovia's senior vice president and assistant general counsel, that Wachovia had not been the "trustee" of the Series 2004-WWF1 PSA since December 30, 2005, and that Wachovia had no legal standing to assert any claims against the homeowner. In an October 24, 2007 letter to the Phelan firm, Mr. Farmer wrote:

> This letter is to confirm your voice message to me this morning and our subsequent conversation wherein you advised that you were able to reach your client [*i.e.*, Wells Fargo, the mortgage servicer] and verify that Wachovia Bank, N.A. is not the proper Plaintiff as named in the referenced foreclosure action. Accordingly, your client has voluntarily agreed to postpone the sale date to November 19, 2007. During the interim, it is my understanding that you are awaiting the name of the proper Plaintiff from your client. Thereafter, you will file a motion to correct the name of the Plaintiff and ensure that the County records properly reflect the name of the true holder of the mortgage.
>
> As you are aware since Wachovia Bank, N.A. is not the Trustee and not the holder of the subject mortgage we are unable to address [the homeowners'] situation. Thank you for your prompt attention to this matter and your efforts to correct the public record. I look forward to receipt of an Order deleting the name Wachovia Bank, N.A. from the foreclosure action and recorded evidence correcting the public records.

*See* attached Exhibit A.

11. Despite this authoritative information given to the Phelan firm in October 2007 about Wachovia's lack of legal standing to prosecute foreclosure actions in its former capacity as trustee for the Series 2004-WWF1 PSA, the Phelan firm disregarded that information and proceeded instead to obtain a foreclosure judgment against the Debtor in the name of Wachovia. (The Debtor is now addressing that issue in the Court

4

of Common Pleas for Berks County). Of no less importance, the Phelan firm continued in this Court for over a year to assert non-existent "claims" on "behalf" of Wachovia against the Debtor and to disrupt this Court's orderly administration of the Debtor's estate.

12. Despite the bevy of litigation activity instigated by the Phelan and Wilentz firms, no proper proof of claim has ever been filed in this case by any real client, and both the Phelan and Wilentz firms, without authorization from any party with legal standing, have improperly invoked the name of Wachovia as a means of advancing their own fee-generating interests.

13. The facts recounted here finally came to light only in December 2009, when counsel for the proposed class in *Rhodes v. Diamond* uncovered them during the investigation that resulted in resulted in the filing of a proposed amended class action complaint, a copy of which is attached here as Exhibit B. The specific facts giving rise to the instant objection are documented at Exhibit B, ¶¶ 112-136; the law that applies to those facts is set forth at ¶¶ 67-73.

14. The indefensible misconduct of Jones, Spivack, Bart, the Phelan firm and the Wilentz firm has wasted the time and resources of the Court, placed this action in a bewildering procedural posture that must now be corrected, and it has unnecessarily and substantially escalated the costs of the Debtor in defending what are his **genuine** legal rights. Most significantly, the disrespect that these lawyers have shown to our system of justice comes at a steep price that cannot be measured. *See In re Foreclosure Cases*, 2007 WL 3232430, at *3 n.3 (N.D. Ohio, Oct. 31, 2007) (describing the "priceless" nature of the Court's "jurisdictional integrity").

WHEREFORE, the Debtor respectfully requests this Court to (1) strike all Proofs of Claim filed by the Phelan firm on "behalf" of "Wachovia" in these proceedings, with prejudice to their reassertion by any entity represented by the Phelan or Wilentz law firms and (2) take such further action as the Court deems appropriate.

Dated: January 28, 2010                           Respectfully submitted,

**BURKE & HESS**

By: _____
Michael D. Hess
951 Rohrerstown Road, Suite 102
Lancaster, Pennsylvania 17601
Telephone: (717) 391-2911
Facsimile: (717) 391-5808

Attorneys for Debtor
Gerald A. Bender





Wachovia Corporation
Legal Division
TX1621
San Antonio Operations Center
4101 Wiseman Blvd.
San Antonio, TX 78251

Tel 210 543-3960
Fax 210 543-3015

M. A. Farmer
Legal Division
Direct Dial 210 543-3189

**WACHOVIA**

October 24, 2007

Vlad Palma, Esq.                                      Via U.S. mail and e-mail
Phelan Halliman & Schameig
400 Fellowship Rd.
Suite 100
Mount Laurel, N.J. 08054

Re: Wachovia Bank, N.A. as Trustee v. Charles Giles, Dckt No. F4671-07
    Chancery Ct., Ocean County, N.J.
    12 Aspen Circle
    Barnegat, N.J.

Dear Mr. Palma,

This letter is to confirm your voice message to me this morning and our subsequent conversation wherein you advised that you were able to reach your client and verify that Wachovia Bank, N.A. is not the proper Plaintiff as named in the referenced foreclosure action. Accordingly, your client has voluntarily agreed to postpone the sale date to November 19, 2007. During the interim, it is my understanding that you are awaiting the name of the proper Plaintiff from your client. Thereafter, you will file a motion to correct the name of the Plaintiff and ensure that the County records properly reflect the name of the true holder of the mortgage.

As you are aware since Wachovia bank, N.A. is not the Trustee and not the holder of the subject mortgage we are unable to address Mr. Charles Gile's situation. Thank you for your prompt attention to this matter and your efforts to correct the public record. I look forward to receipt of an Order deleting the name Wachovia Bank, N.A. from the foreclosure action and recorded evidence correcting the public records.

Sincerely,

Mark A. Farmer
Senior Vice President & Assistant General Counsel
Wachovia Corporation for its subsidiary Wachovia Bank, N.A.

MAF/lv
c: Jerry Dasti, Esq.
   Attorney for Charles Giles

— EXHIBIT "A" —