IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | |
| Gerald A. Bender, Sr. and : | Chapter 13 |
| Patricia A. Bender : | |
|         Debtors : | Bankruptcy No. 08-21193 REF |
| : | |
| Gerald A. Bender, Sr. and : | |
| Patricia A. Bender : | |
|         Movant : | |
| : | |
| v. : | |
| : | |
| U.S. Bank National Association as : | |
| Successor Trustee to Wachovia Bank, N.A: | |
| Pooling and Servicing Agreement Dated  : | |
| as of  November 1, 2004 Asset Backed  : | |
| Pass-Through Certificates Series 2004- : | |
| WWF1 : | |
|         Respondent : | |

**RESPONSE OF U.S. BANK NATIONAL ASSOCIATION AS SUCCESSOR TRUSTEE TO WACHOVIA BANK, N.A., AS TRUSTEE POOLING AND SERVICING AGREEMENT DATED AS OF NOVEMBER 1, 2004 ASSET BACKED PASS-THROUGH CERTIFICATES SERIES 2004-WWF1 TO DEBTORS' OBJECTION TO PROOF OF CLAIM**

Respondent, U.S. Bank National Association as Successor Trustee to Wachovia Bank, N.A., as Trustee Pooling and Servicing Agreement Dated as of November 1, 2004 Asset Backed Pass-Through Certificates Series 2004-WWF1, by and through its attorneys, Phelan Hallinan & Schmieg, LLP, hereby objects to the current action of the Debtors as this "Objection to Unauthorized Proof of Claim Filed by Phelan Hallinan & Schmieg, LLP" violates 11 U.S.C. §1327 due to the fact that the Debtors' Second Amended Plan was confirmed on October 15, 2009.  The Debtors' Second Amended Plan does not reserve the right to object to any Proofs of Claim after Confirmation.  Attached hereto and marked as Exhibit "A" is a copy of the Debtors' Second Amended Chapter 13 Plan.  Upon confirmation, the Debtors, as well as their creditors,

are bound by the terms and conditions set forth in the Confirmed Plan.  In re Szostek, 886 F.2d 1405 (3rd Cir. 1989).  The Confirmed Plan is final and is *res judicata*.  Further, Respondent avers as follows:

1.   Admitted in part.  Denied in part.  It is admitted only that the Debtors filed a Chapter 13 bankruptcy petition on June 4, 2008.  Respondent is without knowledge or information sufficient to form a belief as to the reasons for the Petition filing.  Strict proof is demanded at trial.

2.   Admitted in part.  Denied in part.  It is admitted only that the original Proof of Claim was filed on July 3, 2008, on behalf of the 2004 Asset-Backed Passed-Through Certificates Series 2004-WWF1 (hereinafter referred to as the "Trust") which holds Debtors' Mortgage and Note.  Further, Wachovia Bank, N.A. was the former Trustee of the Trust.  As Trustee of the Trust, Wachovia Bank, N.A.'s sole obligation was to serve as fiduciary for the holder of the Mortgage and Note, the Trust.  The Proof of Claim has subsequently been amended to name the current Trustee for the Trust.  The Trust remains holder of the underlying Mortgage and Note, and is also the Judgment Creditor, as it was at the onset of this bankruptcy case.  Further, Wells Fargo Bank, N.A. (hereinafter "WF") is and always has been the Master Servicer for the Trust.  WF retains the sole right to administer the loan either by itself or through its duly appointed sub-servicer.  America's Servicing Company (hereinafter "ASC") is a subsidiary of WF and appointed by WF as the sub-servicer for the underlying Mortgage and Note.  ASC is listed on the Proof of Claim as the entity to which all notices and payments should be made.  Finally, the confirmed Plan of the Debtors and their own bankruptcy schedules admit that ASC is the party to whom the debt is owed.  The remaining averments are denied as conclusions of law and/or fact to which no response is necessary.  Strict proof is demanded at trial.

3. Denied. By way of further answer, it is specifically denied that Respondent's counsel did not have the authority to represent the holder of the Debtor's Mortgage and Note, as alleged by Debtors' counsel. Contrary to Debtors' allegations, Respondent's counsel received authorization to represent the Trust's interests with regard to both underlying foreclosure action and in this present bankruptcy case from WF, the Master Servicer of the Trust, through its appointed Sub-Servicer, ASC. Pursuant to the Pooling and Servicing Agreement dated November 1, 2004:

> … the Master Servicer shall have full power and authority, acting alone or through Sub-Servicers as provided in Section 6.06, to do or cause to be done any and all things in connection with such servicing and administration which it may deem necessary or desirable. See Pooling and Servicing Agreement Dated as of November 1, 2004, Article III "Administration and Servicing of the Mortgage Loans", Section 3.01. "Master Servicer to Act as Master Servicer"

By virtue of the Pooling and Servicing Agreement, the Master Servicer, and its Sub-Servicer, hold specific authority for the servicing of the loan and managing the day to day activities of the loan. Respondent's counsel received authorization to file the Proof of Claim on behalf of ASC, by virtue of a referral dated June 16, 2008. Further, it is noted that the Debtors had already acknowledged ASC as a primary creditor in the Petition and Matrix filed on June 4, 2008. Finally, it was never asserted that Wachovia Bank, N.A. (who is still, as of the date of this filing, listed as the Trustee for the Trust on the Securities and Exchange Commission's public web site) had any legal standing or claim, on its own, with regard to these Debtors. Strict proof to the contrary is demanded at trial.

4. Admitted in part. Denied in part. It is admitted that the Debtors filed an objection to the July 3, 2008 Proof of Claim. However, paragraph 3 of the Debtors' Objection consisted of

fourteen (14) separate subparts claiming that virtually all of numerous fees and costs associated with the underlying foreclosure action, upon which a judgment was entered and as a result, the property was listed for Sheriff's Sale (which Debtors admit was stayed on the eve of sale by the filing of this bankruptcy case) were "not actually incurred or is overstated." Sub-paragraph 3 viii objected to the Sheriff's Deposit as "not actually incurred or is overstated" despite Debtors' admission that the bankruptcy case was filed to stop said Sheriff's Sale. Attached hereto and marked as Exhibit "B" is a copy of the Debtor's Objection to Proof of Claim.  As Debtors are aware, this Court overruled the vast majority of their objections based upon the determination that the Court lacked judicial standing pursuant to the Rooker-Feldman doctrine to challenge the Berks County Court of Common Pleas decision and entry of Judgment (in an action in which Debtor's present counsel also represented them.)  Attached hereto and marked as Exhibit "C" is a copy of the July 27, 2009 Order.  Strict proof to the contrary is demanded at trial.

     5.    Admitted.  By way of further answer, like the present Objection, Debtor's original Objection to the Proof of Claim filed remains "disingenuous" and was "clearly a sign of the Debtor's counsel's disregard for this Court's time and the time of Counsel for Respondent." Debtors' counsel has acted as both foreclosure counsel in the State Court action and counsel in the bankruptcy proceeding.  Contrary to any other held assertions he made or may now make, he had personal knowledge that the fees and costs were incurred due to his active involvement in the State Court litigation. To argue that the foreclosure fees and costs were not incurred was disingenuous to the Court.

     6.    Admitted in part.  Denied in part.  It is admitted only that the Debtors are one of three (3) named Plaintiffs in a District Court action filed by Debtors' counsel.  This District Court action is not before this Court, nor does this Court have any jurisdictional standing to

render any decision on that action. Furthermore, the District Court has not rendered any decision with regard to the Complaint, the Motion to Dismiss (which has been pending since April 24, 2009), the Motion to Amend the Complaint, or the opposition to the Motion to Amend the Complaint. Further, Respondent also remains confident that the District Court will find the arguments and complaints put forth by Debtor's counsel as frivolous and completely without factual or legal merit. The remaining allegations set forth in paragraph 6 are denied as conclusions of law and/or fact to which no response is necessary.

7. Denied. By way of further answer, Respondent filed an Amended Proof of Claim on April 7, 2009 and not April 10, 2009 as stated by Debtors' counsel. Strict proof to the contrary is demanded at trial. Further, as stated in the response to averment 3 above, Counsel for Respondent received its authorization from the Sub-Servicer for the Master Servicer, ASC. Finally, it was never asserted that Wachovia Bank, N.A. (who is still, as of the date of this filing, listed as the Trustee for the Mortgage Trust on the Securities and Exchange Commission's public web site) had any legal standing or claim, on its own, with regard to these Debtors. Strict proof to the contrary is demanded at trial. The remaining allegations set forth in paragraph 7 are denied as conclusions of law and/or fact to which no response is necessary.

8. Denied. By way of further answer, it is specifically denied that the Amended Proof of Claim dated April 7, 2009 was "unauthorized, untimely and improper" as alleged by Debtors. Furthermore, it is specifically denied that action was taken "<u>only</u> because of allegations documented in *Rhodes v. Diamond*…" To the contrary, Respondent amended the Proof of Claim due to a Sheriff's Refund that was received after the filing of the bankruptcy case and after the filing of the initial Proof of Claim. Strict proof to the contrary is demanded at trial. Finally, like the present Objection, Debtor's original Objection to the Proof of Claim filed remains

"disingenuous" and was "clearly a sign of the Debtor's counsel's disregard for this Court's time and the time of Counsel for Respondent." Strict proof to the contrary is demanded at trial.

9. Admitted in part. Denied in part. It is admitted that Attorney Jonathan J. Bart, Esquire entered his appearance with regard to the Objection to Proof of Claim hearing. It is specifically denied that Attorneys Bart, Spivack, or Jones lacked any authority to represent and protect the rights and interests of the Mortgage Trust. See the response to the averment in paragraph 3 above. Strict proof to the contrary is demanded at trial.

10. Admitted in part. Denied in part. It is admitted that a letter dated October 24, 2007 from Mark A. Farmer (hereinafter referred to as the "Farmer Letter") was sent to and received by the New Jersey law firm of Phelan Hallinan Schmieg, PC. It is further admitted that this letter pertained to a different homeowner, who fell into default, and who was the defendant in an action in New Jersey. The remaining averments set forth in paragraph 10 are denied as conclusions of law and/or fact to which no answer is required. To the extent an answer is required, Debtor's counsel, either intentionally or by error, misconstrues and misstates the proper holder of the underlying Mortgage and Note. At all times, the proper entity was a Trust entitled "Asset Backed Passed-Through Certificate Series 2004-WWF1" (the "Trust",) a fact that has never changed. Under modern jurisprudence, and in Pennsylvania, a Trust is "a separate legal entity which may carry on any lawful business designated in its deed or other instrument of Trust." 15 P.S. §§9502(a)(3), 9502(c). The Trustee for a Trust is merely its agent - - it "[i]s not the equivalent of the Trust and cannot substitute himself for the Trust . . . [the Trustee] is not the proper party to pursue a recovery that inures to [the Trust]; the Trust is the real party in interest and the proper entity to commence any legal action for recourse to Trust property." *Marin v. Leslie*, 2008 US Dist. LEXIS 80287 (W.D.Pa. 2008), *aff'd* 2009 US App. LEXIS 15138 (3d Cir.

2009). In other words, the Trust is the entity that is the holder of the mortgage and has standing to sue and file a proof of claim, not the Trustee in its own capacity. With that being said, the Trustee to the Trust changed, unbeknownst to Respondent's counsel, to U.S. Bank, National Association, as Successor Trustee to Wachovia Bank, N.A., Pooling and Servicing Agreement dated as of November 1, 2004 Asset Backed Pass-Through Certificate Series 2004-WWF1. The change of Trustee was not a matter of public record. The public records which are available on the Securities and Exchange Commission's web site, to this day do not reflect any change of Trustee. Significantly, the Pooling and Servicing Agreement provides that Wells Fargo Bank, N.A. is the "Master Servicer" which is the party that "shall service and administer the mortgage loans on behalf of the Trustee and in the best interest of and for the benefit of the certificate holders." Wells Fargo Bank, N.A. remains the Master Servicer and as such has the power to appoint a Sub-servicer, in this instance, ASC. Respondent's counsel was hired by ASC to serve as the Mortgage Trust's legal representative. The change of Trustee is of no legal significance with regard to either the foreclosure action or the bankruptcy case; it is the Trust itself that has the right to institute a foreclosure action or to file a proof of claim. There simply is no issue of "standing" as standing to bring the lawsuit and file the proof of claim lies with the Trust itself, which acts through its Master Servicer, and not through the Trustee. Strict proof to the contrary is demanded at trial.

      11.    Denied. By way of further answer, Wachovia Bank was formerly the Trustee, not the "Claimant") since the Claimant was and remains the Trust itself. Contrary to the Debtor's assertions, the Farmer Letter was received after the *Bender* foreclosure Complaint was filed on June 27, 2007. The Trust has remained the holder of the Mortgage and Note and the identity of the Trustee is immaterial to the mortgagors. This is not a case of a mortgage assignment. ASC

is the duly appointed sub-servicer for the Trust.  The Debtors named ASC as the party to whom payments should be made.  Respondent's Counsel was properly retained by the Servicer under the terms of the Pooling and Servicing Agreement.  Lastly, it must be noted that Debtors never objected to standing when they had the opportunity to do so in the *Bender* foreclosure case.  A Preliminary Objection raising lack of capacity to sue is foreseen in the Pennsylvania Rules of Civil Procedure 1028(a)(5).  The lack of capacity to sue can be waived if not raised in a responsive pleading.  See Pa.R.Civ.P. 1032(a).  In the State Court Action, the Debtors merely challenged the right of the servicer to execute the verification by way of preliminary objection, which was overruled.  Since the Debtor did not raise a 1028(a)(5) preliminary objection, nor was there any mention of lack of capacity to sue in any responsive pleading that the Debtors filed, it must be concluded that this issue was waived by the Debtors, and the finding of proper standing is *res judicata* and may not be subsequently challenged.  Nevertheless, it is unquestionable that proper standing is established, as the real party in interest is the Trust, not the Trustee.  Finally, Debtors' averment that "this Court's orderly administration of the Debtor's (sic) estate" has been disrupted by the change of the Trustee for the Trust is frivolous and entirely without merit.  Respondent is unaware of any "disruption" caused by Respondent in this case. Strict proof to the contrary is demanded at trial.

12.    Denied.  By way of further answer, the averment that "no proper proof of claim has ever been filed … by any real client…without authorization from any party with legal standing" is specifically denied.  As stated above, all authority to proceed in this matter comes directly from the Pooling and Servicing Agreement, which gave express power to the Master Servicer to protect the right and interests of the Trust.  Strict proof to the contrary is demanded at trial.  Further, the "bevy of litigation activity instigated" in this case has solely been the work of

Debtors' counsel.  Strict proof to the contrary is demanded at trial.  Finally, Debtors' counsel fails to describe how the naming of Wachovia as Trustee for the Mortgage Trust in a Proof of Claim could be "a means advancing (Respondent's counsel's) own fee-generating interests." Ironically, in accordance with the fee-shifting provisions of paragraph 9 of the underlying Mortgage and Note, it is the Debtors who may ultimately bear the financial responsibility for their counsel's frivolous pleadings.

13.     Denied.  By way of further answer, the frivolous, self-supporting and prejudicial submission of the document attached to Debtors' Objection is entirely irrelevant to any issue at hand.  This document is an unapproved, untimely and proposed Amended Complaint that was recently filed in the District Court by Debtors' counsel.  It is also presently subject to outright dismissal by that very same District Court.  Regardless, the salacious, slanderous and frivolous issues raised by Debtors' counsel in the document are entirely without legal merit or support and further, are not before this Court.  They are denied as conclusions of law and/or fact. Respondent affirmatively objects to the submission of this document.

14.     Denied.  By way of further answer, it is specifically denied that any misconduct has occurred as alleged by Debtors' counsel.  Further, Respondent is unable to ascertain which of Defendants' "**genuine** legal rights," Defendants' counsel is trying to defend. Respondent is also unable to ascertain exactly what is the "bewildering procedural posture that must now be corrected" that Defendants' counsel now speaks of.  The Proof of Claim has been amended to name the successor Trustee of the Trust.  The Trustee is simply an agent of said Trust.  The Trust has always been named as the proper mortgage holder. (The disclosure and explanation of this information was a task that Debtors' counsel could easily have accomplished through a telephone call, email or fax rather than this Objection.)  The master servicer remains WF and

their sub-servicer continues to be ASC.  The obligations and duties of the Debtors, the Mortgage Creditor and the Chapter 13 Trustee, under the confirmed Chapter 13 Plan, have not been altered in even the slightest manner.  Further, it is specifically denied that Debtors' counsel's baseless assertions of misconduct on the part of attorneys Jones, Spivack, Bart, the Phelan Firm, or Wilentz have any merit in fact or law at all.  Contrarily, any wasting of time and resources of this Court or of "unnecessarily escalated the costs of Debtors" is solely an onus that must be bared by Debtors' counsel.  In addition, it should be noted that at no time during the Foreclosure action, or this bankruptcy action, have the Debtors denied that they are delinquent under the terms of the Mortgage and Note, nor have they denied that their servicer is ASC.  Finally, Debtors' Schedule D (attached hereto and marked as Exhibit "D"), and their Second Amended Chapter 13 Plan (see Exhibit "B"), confirmed on October 15, 2009, both acknowledge and concede that Debtors owe pre-petition arrears on the mortgage lien and that these arrears should be paid to the Sub-Servicer ASC.  Debtors' counsel's attempt to challenge this admission of fact and strike the Proof of Claim after confirmation is barred.  See In re Szostek, 886 F.2d 1405 (3rd Cir. 1989) and 11 U.S.C. §1327.

    **WHEREFORE**, Respondent, U.S. Bank National Association as Successor Trustee to Wachovia Bank, N.A., as Trustee Pooling and Servicing Agreement Dated as of November 1, 2004 Asset Backed Pass-Through Certificates Series 2004-WWF1, respectfully requests that this Honorable Court deny Debtors' Objection to Proof of Claim in its entirety.

### **AFFIRMATIVE DEFENSES**

    15.    The answers set forth in Paragraphs 1 – 14 are hereby incorporated as if set forth fully herein.  In further response, Respondent asserts the following affirmative defenses.

16. Pursuant to 11 U.S.C. §1327 "(a) The Provisions of a confirmed plan bind the debtor and each creditor, whether or not such creditor has objected to, has accepted, or has rejected the plan …"

17. The Debtors' Second Amended Plan does not reserve the right to object to any Proofs of Claim after Confirmation. See Exhibit "A".

18. Since the Debtors did not reserve a right to object to Respondent's valid secured claim after confirmation the Debtors are precluded from raising any issues regarding the Proof of Claim after Confirmation. In re Szostek, 886 F.2d 1405 (3rd Cir. 1989).

19. The Debtors' objection ignores the principles of finality that prevent collateral attacks once a plan is confirmed and time to appeal has expired. See In re Szostek

20. The "confirmation order is res judicata as to all issues decided or which could have been decided at the hearing on confirmation." Donaldson v. Bernstein, 104 F.3d 547, 554 (3d Cir. 1997) (quoting In re Szostek)

21. The Debtors' claims are barred by doctrines of *res judicata* and/or collateral estoppel, by reason, *inter alia*, of the Judgment entered on March 26, 2008, the amended Judgment dated May 8, 2008, and upon the confirmation of the Second Amended Plan on October 15, 2009.

22. Pursuant to 11 U.S.C. §1327(b) "[e]xcept as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor".

23. Debtors' Plan fails to provide a provision which specifically retains the property as property of the Bankruptcy Estate after Confirmation. As such, this Court lacks Subject Matter Jurisdiction to render any decision on the current Objection.

24. The Debtors fail to state any claims upon which relief can be granted.

25. The Debtors have not suffered any damages as they have conceded in their confirmed Chapter 13 Plan that a debt is owed, and that they are paying the Sub-Servicer of the Trust the arrears owed on their mortgage lien.

26. Debtors are not entitled to any damages under any Federal statute or common law.

27. Debtors have failed to allege any reasonable reliance on the alleged misrepresentations of Respondent or its counsel, or in the alternative, have failed to do so with the requisite specificity.

28. As stated above, Debtors' Schedule D and their Confirmed Second Amended Chapter 13 Plan all state that arrearages are owed on their mortgage lien and that the Chapter 13 Trustee should pay those arrears to ASC, the Sub-Servicer of the Mortgage Trust.

29. Any alleged harm suffered by Debtors are the results of their own actions and decisions, or those actions and decisions of their hired counsel.

**WHEREFORE**, Respondent, Respondent, U.S. Bank National Association as Successor Trustee to Wachovia Bank, N.A., as Trustee Pooling and Servicing Agreement Dated as of November 1, 2004 Asset Backed Pass-Through Certificates Series 2004-WWF1, respectfully requests that this Honorable Court deny Debtors' Objection to Proof of Claim in its entirety.

Respectfully submitted,

Date:  March 8, 2010

/s/  **Peter J. Mulcahy, Esquire**
PHELAN HALLINAN & SCHMIEG, LLP
1617 J.F.K. Boulevard, Suite 1400
Philadelphia, PA  19103-1814
(215) 563-7000