**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: | : | |
| Gerald A. Bender, Sr. and | : | Chapter 13 |
| Patricia A. Bender | : | |
|    Debtors | : | Bankruptcy No. 08-21193 REF |
| | : | |
| Gerald A. Bender, Sr. and | : | |
| Patricia A. Bender | : | |
|    Movant | : | |
|   v. | : | |
| | : | |
| U.S. Bank National Association as | : | |
| Successor Trustee to Wachovia Bank, N.A. | : | |
| Pooling and Servicing Agreement Dated | : | |
| as of November 1, 2004 Asset Backed | : | |
| Pass-Through Certificates Series 2004- | : | |
| WWF1 | : | |
|    Respondent | : | |

**MEMORANDUM OF LAW IN OPPOSITION TO DEBTORS'**
**"OBJECTION TO UNAUTHORIZED PROOFS OF CLAIM**
**<u>FILED BY PHELAN HALLINAN & SCHMIEG, LLP</u>"**

  U.S. Bank, National Association as Successor Trustee to Wachovia Bank, N.A. Pooling and Servicing Agreement dated as of November 1, 2004, Asset-Backed Pass-Through Certificates Series 2004-WWF1 (the "Trust"), by its undersigned counsel, respectfully submits this Memorandum of Law in Opposition to the filing by counsel for Debtors Gerald A. Bender, Sr. and Patricia A. Bender entitled "Debtors' Objection to Unauthorized Proofs of Claim filed by Phelan Hallinan & Schmieg, LLP."

I.     **PRELIMINARY STATEMENT**

The instant "objection", which is improper as the Debtor has a confirmed plan and the Trust has an allowed claim[1] is merely another arrow from the increasingly vituperative quiver of the Debtor's counsel that has been launched in the direction of the Trust, Phelan Hallinan and Schmieg and now, Wilentz Goldman & Spitzer. Eschewing any notion of decorum before the bar, Debtors' counsel has sought to file an Amended Complaint in the District Court (which has not been granted), in which he imagines a grand RICO conspiracy in which he equates the Phelan firm to an organized crime family and the Wilentz Firm to Bruce Cutler, "house counsel" to the mob.[2] Apparently, no accusation is too extreme for the Debtors' counsel, who already in this case has lost a contested foreclosure action (in which he never raised lack of standing and therefore waived the issue, which he is again attempting to collaterally attack here), failed to respond to a motion to reassess damages, failed to timely appeal and then, when he attempted to collaterally attack the final, non-appealable judgment with an objection to claim, he lost that, as well. This new "objection" appears to be little more than a

---

[1] See, response to objection filed March 9, 2010, in which the procedural infirmities of this objection are laid out in detail.

[2] While Plaintiff's counsel boasts that he has filed "a proposed class action" which was "filed after months of legal and factual investigation", this is actually nothing more than a motion for leave to amend a Complaint which is subject to a dismissal motion and the proposed amended Complaint has not been allowed. Ironically, the sole evidence of the Wilentz firm being part of a "RICO Enterprise" is the allegation that Wilentz served as counsel of record on a series of cases which Debtor's counsel asserts are in furtherance of a fraudulent scheme. However, with the decision yesterday by Judge Baylson granting the motion to dismiss in *Wright v. Phelan Hallinan & Schmieg, LLP* (No. 09-3538) and Judge Fullam's Opinion reversing sanctions imposed against the Udren Firm in *in re Taylor* (Docket No. 09-2479), the Wilentz Firm has won <u>all</u> but one of the listed cases, and the other case is pending. Take it for what it is - - in Plaintiff's counsel's imagination, successfully representing a client is a "conspiracy in furtherance of a fraudulent scheme." It is an utterly outrageous allegation, as are the allegations asserted here that a technical error which in no way affects the Debtor constitutes "indefensible misconduct" and "disrespect to our system of justice." The only thing that is indefensible is the rhetoric of counsel for the Debtor.

transparent attempt to put his proposed Amended Complaint before this Court, as if it constitutes fact. As discussed below, it surely does not.

## II. THE TRUST HAS STANDING TO PURSUE ITS CLAIM

To the extent there is any substance in this objection, it is an (impermissible collateral) attack on the Trust's standing to pursue its claims in these proceedings, and it has nothing to do with the Phelan Firm. Aside from the fact that standing already has been conclusively determined in the foreclosure action and the confirmed Plan, this new "objection" is based upon a fundamental lack of understanding of the law of Trusts in Pennsylvania. The Debtor's counsel believes that he has uncovered "indefensible misconduct" by the Phelan and Wilentz firms because an attorney (whom he promptly made a partner of his own firm) who was involved in a completely unrelated foreclosure lawsuit in New Jersey in which the Trust was the Plaintiff provided him with information from that suit. In the course of that action, which was controversial as the Defendant was a 9/11 widow who went to the press, a representative of Wachovia Bank sent a letter to a New Jersey Phelan associate in that case allegedly stating that Wachovia "is not the trustee and not the holder of the subject mortgage." However, this information regrettably was not forwarded by Wachovia to the Master Servicer responsible for the day to day activities of the securitized portfolio, constituting the Trust, i.e., Wells Fargo, nor its sub-servicer, America's Servicing Corp. and the public records **still** show Wachovia as being the Trustee of the Trust. When the Debtor's counsel made this an issue in the District Court case he filed against the Phelan Firm (of course without a phone call or other notice to counsel, notwithstanding this information was known to his partner for at least three years), the Phelan Firm undertook a search and discovered that the Trustee of the Trust had changed from Wachovia to U.S. Bank, N.A. However, the

Trust remained the same and the Bender loan remained as an asset of the Trust. Accordingly, the Proof of Claim was amended to reflect the change of the name of the Trustee and in any case in which Phelan represented the Trust, the Plaintiff was amended to list U.S. Bank as Successor Trustee to the Trust.

Debtor's counsel alleges in his current "objection" that "The Phelan Firm has no authority to represent - - and in fact never represented – Wachovia Bank, N.A. Nor did Wachovia <u>itself</u> have any legal standing or claim to assert against the Debtor in this proceeding." Objection, ¶3. One can tell that Debtor's counsel seems to believe he has uncovered something significant. However, what the Debtor's counsel believes is an "Ah-Ha" moment is nothing of the sort. <u>At all times</u>, Phelan's client and the real party in interest was **the Trust**, which was created by the Pooling and Servicing Agreement dated as of November 1, 2004, Asset-Backed Pass Through Certificates Series 2004-WWF1. Under longstanding Pennsylvania law, the Trustee for a Trust is merely its agent - - it "[i]s not the equivalent of the Trust and cannot substitute himself for the Trust . . . [the Trustee] is not the proper party to pursue a recovery that inures to the Trust [the Trust]; **the Trust is the real party in interest and the proper entity to commence any legal action for recourse to the Trust property.**" *Marin v. Leslie,* 2008 U.S. Dist. LEXIS 80287 (W.D.Pa. 2008), *aff'd* 2009 U.S. App. LEXIS 15138 (3d Cir. 2009). The Trust – <u>not Wachovia Bank in its individual capacity</u> - - is the entity which holds the mortgage, filed the foreclosure suit and is the beneficiary of the Proof of Claim. Wachovia Bank, N.A. was merely the Trustee and was not the Trust itself. When the Trustee was replaced, <u>it in no way affected the Trust or its assets</u> - - the Trust continued to hold the Bender mortgage and it remains the real party in interest with respect to the foreclosure

and bankruptcy. To the extent that an error was made in the identification of the current trustee, it is regrettable but completely immaterial with respect to any interest of this Debtor. Moreover, an Amended Proof of Claim has been filed[3] and the underlying foreclosure judgment has been marked to the use of the Trust by its successor Trustee U.S. Bank, N.A. This is not a case involving an allegedly defective assignment or where there is any question that the real party in interest holds the mortgage. Rather, it is simply another attempt made by this Debtor's counsel in bad faith to demonize the Phelan Firm, which merely followed the instructions of its client, the servicer America's Servicing Company. This objection is brought as nothing more than a tactic in the vain hope of a lucrative class action suit which not only has zero merit, but is not before this Court. If Bender's counsel has any arguments to make, he should do so before the Court which is hearing that issue rather than open a second front where it is impermissible to do so.

### III. THE JUDGMENT IN FAVOR OF THE TRUST IN THE FORECLOSURE ACTION IS *RES JUDICATA* AND BARS A COLLATERAL ATTACK ON STANDING

It is well settled that a mortgage foreclosure judgment is *res judicata* as to any defense which the Defendants may have had to the foreclosure, including the very validity of the underlying loan or mortgage. *Stuart v. Decision One Mortgage Company*, LLC, 975 A.2d 1151, 1153-54 (2009). As noted by the Superior Court in Stuart, "[t]he essential inquiry is whether the ultimate and controlling issues have been decided in a prior proceeding in which the present parties had an opportunity to appear and assert their rights." *Id.* at 1153, *citing, Township of Ohio v. Builders Enterprises, Inc.*, 2 Pa. Cmwlth.

---

[3] Which of course, moots this particular objection but, of course, Mr. Hess has refused to withdraw his objection notwithstanding the amendment.

39, 276 A.2d 556, 557 (1971). It is further settled that there is a presumption of proper standing under Pennsylvania law and it is the burden of a Defendant to object to the Plaintiff's standing by presenting competent evidence in support of its position. *Hart v. Mannin*, 828 A.2d 5, 11 fn.1 (Pa. Cmwlth. 2001). Accordingly, an objection to standing is an affirmative defense which must be pleaded and proven by a Defendant or else it is waived. Jackson v. Garland, 424 Pa. Super. 378, 380, 622 A.2d 969, 970 (1993); *Clusman v. Bucks County Court of Common Pleas*, 104 Pa. Cmwlth. 437, 439, 522 A.2d 154, 155 (1987); *Central Dauphin School District v. Commonwealth Department of Education*, 146 Pa. Cmwlth. 352, 608 A.2d 564, 566 fn.4 (1992). By failing to raise standing as an issue in the foreclosure action, the right to contest standing was waived and the foreclosure judgment is *res judicata* as to the standing issue. *Statewide Building Maintenance, Inc. v. Pennsylvania Convention Center Authority*, 160 Pa. Cmwlth. 544, 635 A.2d 691, 698 fn.13 (1993).

      Accordingly, aside from the other procedural defects inasmuch as there is a confirmed plan binding the Debtors to pay the Trust and that the time for objections to claim has therefore expired, the objection itself is completely without merit. At all times, the real party in interest was the Trust. The identity of its Trustee does not affect the Debtors' obligation to the Trust for the mortgage which they acknowledge having executed, they admit having borrowed the money and admit having defaulted on that mortgage, resulting in the entry of a judgment in mortgage foreclosure in favor of the Trust which is binding against them. Moreover, the identity of the Trustee for the Trust not only has been changed by means of an Amended Proof of Claim, but also as the mortgage foreclosure judgment has been marked to the use of the Trust in the name of the

new Trustee. This is not an "assignment" to which the Debtor's counsel incorrectly analogizes (*see*, Debtor's Objection at ¶14[4]). Rather, it merely is the identification of the Trustee to the Trust, not the Trust itself. Indeed, the Debtors' own schedules reflect that their creditor is America's Servicing Corp., not Wachovia. America's Servicing Corp. remains the servicer to the Trust, and there has been no change with respect to the Trust itself.

## IV.    CONCLUSION

For all the reasons set forth herein and in the Response to Objection dated March 11, 2010, it is respectfully submitted that the Objection to Claim be overruled in its entirety.

Respectfully submitted,

Date:  March 11, 2010

**/s/  Peter J. Mulcahy, Esquire**
PHELAN HALLINAN & SCHMIEG, LLP
1617 J.F.K. Boulevard, Suite 1400
Philadelphia, PA  19103-1814
(215) 563-7000

---

[4] The citation of the Ohio District Court Foreclosure Cases matter is nothing more than a red herring. The Foreclosure Cases only deal with the narrow issue of Ohio Federal District procedure requiring assignment to be recorded prior to the commencement of a foreclosure action. In contrast, nothing under Pennsylvania law requires that mortgage assignments be perfected or recorded in order to be valid. *U.S. v. Green*, 1998 WL 167278 (E.D.Pa. 1998) (at *12). Indeed, after the fact assignments do not invalidate foreclosure judgments nor permit the setting aside of a sheriff's sale based on that judgment. *Deutsche Bank National Trust Company v. Kelly,* 2007 Phila. Ct. Com. Pl. LEXIS 136 (2007) (at *2). If Debtor's counsel would put merely as much effort into research as it does into rhetoric, the system of justice would be well served.